UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| **BERNARD WOODARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:20-cv-00007 |
| v. | ) |
| | ) |
| **EDDIE FARRIS**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Bernard Woodard, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Eddie Farris, Sheriff of the Putnam County Jail; Phil Arms, Captain; Tim Nash, Jail Administrator; f/n/u Brandon, Officer; Dillard Shift, Sergeant; and two John Doe Officers. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. (2009), and Bell Atlantic Corp. v.

1

Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . .." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**III.    Alleged Facts**

According to the complaint, at the time of the incidents giving rise to this action, Plaintiff was a 62-year-old convicted and sentenced state prisoner housed in the Putnam County Jail. (Doc. No. 1 at 4). The complaint alleges that, on September 23, 2019, Sergeant Shift, Officer Brandon, and two as-yet unidentified officers searched Plaintiff's cell at the Putnam County Jail. When one of the officers attempted to search Plaintiff, he ran. Officer Brandon "dived on [Plaintiff's] back" and tasered him while other officers attempted to handcuff Plaintiff. (Doc. No. 1 at 12). The complaint further alleges that one of the officers slammed Plaintiff into the "tier" of the cell, causing injury to Plaintiff's face. (Id.) While officers claim they found "suprenorphine naloxone sublinguals film," nothing was found on him. (Id.)  According to the complaint, Plaintiff instead was placed in "holding" for ten days so that his swelling would be hidden. (Id.)

Additionally, the complaint alleges that Plaintiff was temporarily relocated to Knoxville, Tennessee, to attend court from October 16, 2019 to December 2, 2019 and, when Plaintiff returned, his personal property was missing from his cell at the Putnam County Jail. (Id. at 14).

**IV.    Analysis**

**A. Excessive Force Claims**

From the complaint, it appears Plaintiff was a convicted prisoner, not a pre-trial detainee, at the time of the alleged use of excessive force. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. See Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 538-39 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows

'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting Kingsley v. Hendrickson, ___ U.S. ___, ___ 135 S. Ct. 2466, 2473 (2015)).

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

"While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." Cordell, 759 F.3d at 581 (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). "'When prison officials

maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" Cordell, 759 F.3d at 581 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. Wilkins, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and wanton infliction of pain," is "contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8.

Based on the allegations in the complaint, the Court finds that Plaintiff states colorable Eighth Amendment excessive force claims under Section 1983 against Defendant Officers Brandon and John Doe 1 (the officer who allegedly slammed Plaintiff into the "tier" of his cell) in their individual capacities. Although the complaint alleges that only Officers Brandon and John Doe 1 used excessive and unnecessary force against Plaintiff, the complaint alleges that Sergeant Shift and Officer John Doe 2 were present at the time of the assault, failed to intervene, and attempted to obstruct an investigation. See Walls v. Tenn. Dep't of Corr., No. 17-2549-JPM-tmp, 2018 WL 3468379, at *5 (W.D. Tenn. July 18, 2018) ("A guard who stands and watches while another guards beats a prisoner violates the Constitution . . . ."); Johnson v. C/O Lane, No. 15-2260-JDT-tmp, 2016 WL 1734111, at *3 (W.D. Tenn. Apr. 29, 2016) (on PLRA screening, finding that prisoner "has alleged a plausible claim for excessive force in violation of the Eighth Amendment" against the guard who allegedly assaulted plaintiff as well as the guards who allegedly "stood by and did not intervene."). Therefore, the allegations of the complaint with

respect to these Defendants warrant further factual development. The claims against these Defendants in their individual capacities also will proceed.

Although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. See Berndt v. Tenn., 796 F.2d 879, 882-84 (6th Cir. 1986). The Court concludes that it would be inappropriate to dismiss the claims against the John Doe Defendants at this juncture because of the likelihood that the identities of these Defendants will be determined during discovery.

The complaint names each Defendant in his individual and official capacity. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Here, Defendants are employees of Putnam County, Tennessee. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Putnam County or its agent. Monell Dep't of Social Svcs., 436 U.S. 658, 690-691 (1978). In short, for Putnam County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir.2013) (citing Monell, 436 U.S. 658, 693); Regets v. City of Plymouth, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision;

or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Putnam County under Section 1983. While the complaint alleges generally that "the jail is ran totally out of order cause [sic] authority is abused here at the Putnam County Jail," (Doc. No. 1 at 3), the complaint does not identify or describe any of Putnam County's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Putnam County on notice of a problem.[1] See Okolo v. Metro. Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); Hutchison v. Metro. Gov't of Nashville, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); Johnson v. Metro. Gov't of Nashville, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Putnam County. Plaintiff's claims against all Defendants in their official capacities therefore must be dismissed.

**B. Claims Arising out of Disciplinary Proceedings**

To the extent the complaint alleges that Plaintiff was unfairly charged with the possession of contraband, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. at 411, 480 (1972)). Inmates enjoy a

---

[1] The complaint alleges generally that there have been "several lawsuits filed against this jail on how they treat inmates." (Doc. No. 1 at 15). However, the complaint does not provide any details about these lawsuits, including the outcome of the cases. These allegations are insufficient to support a claim of municipal liability against Putnam County.

narrow set of due process rights when prison authorities institute disciplinary proceedings. See Cleavinger v. Saxner, 474 U.S. 193 (1985) (disciplinary board members protected by qualified immunity); Superintendent v. Hill, 472 U.S. 445, 455–56 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); Ponte v. Real, 471 U.S. 491, 495–99 (1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for inmate not allowed); Baxter v. Palmigiano, 425 U.S. 308, 319–323 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); Wolff, 418 U.S. 539, 564–71 (defining scope of due process application to prison disciplinary hearings); Wolfel v. Morris, 972 F.2d 712 (6th Cir.1992).

In Wolff v. McDonnell, the Supreme Court held that, when a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals[;]" and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. 418 U.S. 539, 563–64, 566. These protections are required only when a liberty interest is at stake. See, e.g., Sandin, 515 U.S. at 484, 486–87. "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" McMillan v. Fielding, 136 F. App'x 818, 820 (6th Cir. 2005) (quoting Sandin, 515 U.S. at 484); see Upshaw v. Jones, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (finding no violation of inmate's due process rights when corrections officer assigned inmate to segregation as punishment prior to inmate's disciplinary hearing).

Here, the complaint fails to allege that the punishment Plaintiff received, or the consequences he endured, imposed an atypical and significant hardship sufficient to violate due process. See Sandin, 515 U.S. 472, 484-86. The complaint sets forth no facts demonstrating that Plaintiff had a liberty interest in the outcome of a disciplinary hearing, such as a loss of sentence credit. Even if Plaintiff had a liberty interest, there is no allegation that Plaintiff's disciplinary hearing was not conducted in accordance with the procedures required by Wolff.

Plaintiff also has no claim against any named Defendant for failing to make a sufficient investigation before issuing the disciplinary charge. Even in the criminal context, there is no constitutional right to an official investigation of alleged misconduct. See, e.g., Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); Mitchell v. McNeil, 487 F.3d 374 (6th Cir. 2007) (dismissing due process claim based on failure to investigate).

Finally, to the extent Plaintiff argues that he has the right to prove his innocence, the disciplinary infraction about which Plaintiff complains is not the equivalent of a state or federal criminal charge against Plaintiff. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." Brooks v. Westbrooks, No. 3:17-cv-00686, 2017 WL 3868275, at *3 (M.D. Tenn. Sept. 5, 2017) (quoting Crafton v. Luttrell, 378 F. Supp. 521, 526 (M.D. Tenn. 1973) (citations omitted)). For all of these reasons, the complaint fails to state due process claims under Section 1983 upon which relief can be granted. These claims will be dismissed.

### C. Personal Property Claims

Next, the complaint alleges that Plaintiff's property was taken or lost while he was an inmate of the Putnam County Jail. The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The Sixth Circuit Court of Appeals has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted. See Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985). Plaintiff has not alleged that he attempted post-deprivation remedies and that they were inadequate. The complaint only alleges that Plaintiff brought the missing items to the attention of several officers and filed written grievances regarding the matter to facility officials. Thus, because there appear to be adequate state post-deprivation remedies available to Plaintiff, this claim will be dismissed.

### D. Claims Against Supervisory Defendants

Finally, the complaint also names the Sheriff of Putnam County Eddie Farris, Captain Phil Arms, and Jail Administrator Tim Nash as Defendants. However, other than being listed as Defendants (Doc No. 1 at 1-3), these Defendants are not mentioned in the narrative of the complaint or anywhere else in the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Miller v. Calhoun Cnty., 408

F.3d 803, 827 n.3 (6th Cir. 2005); Dunn v. Tenn., 697 F.2d 121, 128 (6th Cir. 1982).  Plaintiff here has not done so with respect to these Defendants.

To the extent Plaintiff seeks to impose liability on these Defendants because they hold supervisory positions, supervisory officials who are aware of the unconstitutional conduct of their subordinates but fail to act generally cannot be held liable in their individual capacities. Grinter v. Knight, 532 F.3d 567, 575-76 (6th Cir. 2008); Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).  A failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for Section 1983 liability. See George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."). See Rizzo v. Goode, 423 U.S. 362, 371 (1976) (to establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims); Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); Murphy v. Grenier, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

Because the complaint does not allege that any of these Defendants were directly responsible for any of the alleged violations of Plaintiff's rights, none cannot be liable simply because of their supervisory roles.  Consequently, because Plaintiff does not allege the personal involvement of Sheriff Farris, Captain Arms, or Administrator Nash in the events set forth in the complaint, Plaintiff has not established a basis for imposing individual liability on these Defendants. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. Cnty. of Calhoun, 680

F.3d 642, 647 (6th Cir. 2012). Thus, Plaintiff's claims against these Defendants must be dismissed.

**V.      Conclusion**

For the reasons explained herein, the Court finds that the complaint states colorable excessive force claims under 42 U.S.C. § 1983 against Defendants Brandon, Shift, John Doe 1, and John Doe 2. These claims survive the required PLRA screening and shall proceed for further development. 28 U.S.C. § 1915A. However, as to all other claims and Defendants, the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Those claims and Defendants will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE