IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

BERNARD WOODARD            )
                           )
    v.                     )    NO: 2:20-00007
                           )
EDDIE FARRIS, et al.       )

**TO:**  Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order March 25, 2020 (Docket Entry No. 9), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Bernard Woodard ("Plaintiff") is an inmate of the Tennessee Department of Correction. On January 21, 2020, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983. Upon initial review, the Court found that Plaintiff stated arguable claims that his Eighth Amendment rights had been violated based on his allegations that excessive force had been used against him by officials at the Putnam County Jail, where he had been previously held. *See* Memorandum (Docket Entry No. 9) at 3-5. The Court directed that the Clerk send Plaintiff service packets for three defendants employed at the Putnam County Jail, which Plaintiff was to complete and return to the Court. Although Plaintiff returned completed service packets and summons were issued, process was returned unexecuted. *See* Docket Entry Nos. 13-15.

By Order entered August 18, 2020 (Docket Entry No. 16), the Court informed Plaintiff of the unexecuted service and advised him that the action cannot proceed without service of process upon Defendants. Plaintiff was advised that the action was subject to dismissal if he was not able to identify the defendants so that they can be served with process. Plaintiff was given a deadline of September 14, 2020, to file a notice with the Court that either (1) more clearly identifies the defendants or (2) states what actions he intends to take to discover the identities of the defendants so that process can be re-issued to them. To-date, Plaintiff has not responded to the Court's August 18 Order or taken any steps to have Defendants re-served with process.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Fed. R. Civ. P. 4(m). Because Defendants have not been served with process within the time period required by Rule 4(m), this action should be dismissed.

It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to respond to the Court's August 18 Order evidences that he has lost interest in this case. For this additional reason, this case should be dismissed.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge